**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>              Plaintiff,<br><br>       v.<br><br>E. MISHAN & SONS, INC., a New York corporation,<br><br>              Defendant. | Civ. Action No. 18-cv-822<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

---

Plaintiff Oakley, Inc. ("Oakley") hereby complains of E. Mishan & Sons, Inc. ("Defendant") and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claim in this action pursuant to 35 U.S.C. §§ 271 and 281, as this claim arises under the laws of the United States.

2. Oakley is informed and believes, and, based thereon, alleges that this Court has personal jurisdiction over Defendant because Defendant is a New York corporation with its principal place of business located within this judicial district and because Defendant has a continuous, systematic, and substantial presence within this judicial district. For example, by offering for sale and/or selling infringing products in this judicial district, including but not limited to offering to sell and/or selling infringing products directly to consumers and/or retailers in this district, Defendant's acts form a substantial part of the events or omissions giving rise to Oakley's claim.

1

3. Oakley is informed and believes, and, based thereon, alleges that venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Defendant is a New York corporation with its principal place of business located within this judicial district, and because Defendant has committed acts of infringement by offering to sell and/or selling products that infringe Oakley's patents in this judicial district and Defendant has a regular and established place of business in this district.

## II. THE PARTIES

4. Plaintiff Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

5. Oakley is informed and believes, and, based thereon, alleges that Defendant is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 230 Fifth Avenue, Suite 800, New York, New York 10001.

## III. GENERAL ALLEGATIONS

6. Oakley is one of the world's most iconic brands. The company and its products, particularly in the realm of eyewear, are instantly and universally recognized for their innovative technology and distinctive style. Since its founding, Oakley's engineers and designers have worked continuously to bring new technology and breakthrough designs to the market.

7. Oakley has been actively engaged in the manufacture and sale of high quality eyewear since at least 1985. Oakley is the manufacturer and retailer of several lines of eyewear that have enjoyed substantial success and are protected by various intellectual property rights owned by Oakley.

8. On December 22, 2015, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D745,921 ("the D921 Patent"), titled "Set of Eyeglass Components." Oakley is the owner by assignment of all right, title, and interest in the D921 Patent. A true and correct copy of the D921 Patent is attached hereto as **Exhibit 1**.

9. Oakley is informed and believes, and, based thereon, alleges that Defendant makes, uses, sells, offers for sale, and/or imports into the United States eyewear that infringe the D921 Patent, for example eyewear bearing the design of Defendant's Tac Glasses shown below:



10. Defendant sells and offers to sell its infringing products through retailers including, for example, overstock.com, groupon.com, asseenontvpros.com, asseenontvhot10.com, livingsocial.com, campingworld.com, and domestify.com.

11. On at least certain occasions, Defendant has offered infringing products for sale, but fulfilled orders with eyewear bearing a design that was different from the infringing design that the purchaser believed he/she was ordering.

12. Oakley is entitled to damages not only from Defendant's sale of the infringing products, but from any orders of infringing products.

13. Oakley is informed and believes, and based thereon, alleges that Defendant's acts complained of herein are willful and deliberate.

## IV. FIRST CLAIM FOR RELIEF
(Patent Infringement)
(35 U.S.C. § 271)

14. Oakley repeats and re-alleges the allegations of paragraphs 1-13.

15. This is a claim for patent infringement under 35 U.S.C. § 271.

16. Defendant, through its agents, employees and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the D921 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D921 Patent, for example, Defendant's Tac Glasses, as shown below.

| Accused Product | Oakley's Patent |
| --- | --- |
| Tac Glasses | U.S. Patent No. D745,921 |

17. Defendant's acts of infringement of the D921 Patent were undertaken without permission or license from Oakley. Oakley is informed and believes, and, based thereon, alleges that Defendant had actual knowledge of Oakley's rights in the design claimed in the D921 Patent. Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's Tac Glasses are a nearly identical copy of Oakley's patented design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D921 Patent. Defendant infringed the D921 Patent with reckless disregard of Oakley's patent rights.

4

Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the D921 Patent. Defendant's acts of infringement of the D921 Patent were not consistent with the standards of commerce for its industry.

18. As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Oakley.

19. Pursuant to 35 U.S.C. § 284, Oakley is entitled to damages for Defendant's infringing acts and treble damages together with interest and costs as fixed by this Court.

20. Pursuant to 35 U.S.C. § 285, Oakley is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

21. Pursuant to 35 U.S.C. § 289, Oakley is entitled to Defendant's total profits from Defendant's infringement of the D921 Patent.

22. Due to the aforesaid infringing acts constituting patent infringement, Oakley has suffered great and irreparable injury, for which Oakley has no adequate remedy at law.

23. Defendant will continue to infringe Oakley's patent rights to the great and irreparable injury of Oakley, unless and until enjoined by this Court.

**WHEREFORE**, Oakley prays for judgment in its favor against Defendant for the following relief:

A. An Order adjudging Defendant to have infringed the D921 Patent under 35 U.S.C. § 271;

B. A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees, customers, and attorneys, and those persons in active concert or participation with Defendant, from infringing the D921 Patent in violation of

35 U.S.C. § 271, including, for example, through the manufacture, use, sale, offer for sale, and/or importation into the United States of Defendant's Tac Glasses, and any products that are not colorably different from these products;

C. That Defendant account for all gains, profits, and advantages derived through Defendant's infringement of the D921 Patent in violation of 35 U.S.C. § 271, and that Defendant pay to Oakley all damages suffered by Oakley and/or Defendant's total profit from such infringement pursuant to 35 U.S.C. §§ 284 and 289;

D. An Order adjudging that this is an exceptional case;

E. An Order that Defendant's infringement is willful and a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

F. An award to Oakley of the attorneys' fees, expenses, and costs incurred by Oakley in connection with this action pursuant to 35 U.S.C. § 285;

G. An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and,

H. Such other and further relief as this Court may deem just and proper.

Dated: January 30, 2018                         Respectfully Submitted,

                                                *s/ Ali S. Razai*
                                                Michael K. Friedland
                                                Ali S. Razai
                                                Knobbe, Martens, Olson & Bear LLP
                                                2040 Main Street, 14th Floor
                                                Irvine, CA 92614
                                                Phone: (949) 760-0404
                                                Fax: (949) 760-9502
                                                michael.friedland@knobbe.com
                                                ali.razai@knobbe.com

                                                Attorneys *for Plaintiff Oakley, Inc.*

## DEMAND FOR JURY TRIAL

Plaintiff Oakley, Inc. hereby demands a trial by jury on all issues so triable.

Dated: January 30, 2018

Respectfully Submitted,

*s/ Ali S. Razai*
Michael K. Friedland
Ali S. Razai
Knobbe, Martens, Olson & Bear LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Phone:  (949) 760-0404
Fax:  (949) 760-9502
michael.friedland@knobbe.com
ali.razai@knobbe.com

*Attorneys for Plaintiff Oakley, Inc.*

27236004